Counsel ready? Hello, Your Honors. My name is Rex D. George. I'm the plaintiff. I'd like to thank Your Honors for specifying the issues that you'd like to hear further from us. My argument is I have it in writing, and my presentation will take about 12 minutes to read it. So it's sort of a social-legal dilemma as to how I should handle it. So I'm going to start reading it. It may be necessary to give you the written argument if we don't have enough time to complete it in 15 minutes. There are two common methods of punishment, Your Honors. One is imprisonment, and the other one is monetary penalty, which includes criminal restitution. A penalty suggests that the time a defendant will actually have to serve in prison, pursuant to the applicable law and rules, is analogous to the total sum of money a plaintiff can actually take from the defendant, pursuant to the provisions of the applicable act, whether MDRA or Victim of Witness Protection Act. With respect to the length of imprisonment, the Supreme Court held in Weaver v. Graham 450 U.S. 24 that changing the formula for computing gain time of credits, which would shorten the period of defendant's actual imprisonment time to his disadvantage, violates the Exposed Factor Clause. Such credits resulted in a reduction of imprisonment time, allowing the defendant more years of free life. Why are we talking about free life in a prison? I'm equating it, Your Honor, to the standard. I will connect it quickly. The fact that... But why don't you just talk about your case and what the issues... All right. With respect... Put down that paper. If you want us to read it, you can hand it to the clerk and we can read it. But, you know, you've written a pretty fair brief already. What does this have to do with your case? This is something I have not touched in the brief, Your Honor. I will connect to it now. With respect to the monetary punishment, we start with the truth. The defendant has certain substantial personal rights, one being the ownership of property, and the other one is his income. The conviction does not result to a deal-dent or forfeiture of his total estate of the crown. The exemptions of the Victim of Witness Protection Act define the property rights the defendant is allowed to keep. Regardless of the amount of... I have no idea what you're talking about. I'm not following. It makes no sense to me at all. I don't understand most of it. Reading in recitations, what are you talking about? What does this have to do with your case? My case? Why don't you talk to us about your case? You're here about some money, right? The question... You're here about some money. The money was paid in this case, and the government has put a lien on it, right? Right. Okay. And you're here to dispute the lien, right? That's what it is? I received... Now, tell me, where is the money right now? The money right now is an interpleader before Judge Fisher. So why are we here? What is it that we can possibly do that will affect that? Because the... The money isn't here. Because the district judge, Your Honor, has abated the action until this appeal is decided. That's why we're here. I have a question. I have a question about this. At least I understood that you were challenging the way the restitution amount was going to be imposed on you because the exemptions were looked at under the MVRA, the new statute, although the amount of restitution, I think, was calculated under the prior statute, under the VWPA. So I thought you were arguing that looking at the exemptions in the current act was an ex post facto violation, and you were trying to make an analogy to imposing more imprisonment being ex post facto. Precisely, Your Honor. And I don't know how this happened, but I received a court order indicating that I should be prepared to argue how the ex post facto affects the... whether we apply the Victim and Witness Protection Act or the MVRA. And this is why I started the way I started, showing the analogy. And then now I'm going to take this analogy and show how the application of the MVRA to appellant's case takes away substantial rights. Okay. I think Judge Kaczynski made a good suggestion that with your written summary, you can give that to the clerk, and they'll make a copy for opposing counsel and us, and it'll be circulated. I have no doubt. It'll work better for you just to explain what's on your mind. And we've studied your briefs as well. Thank you, Your Honor. That's my suggestion. The briefs did not touch the very fine point of ex post facto because I, appellant, had assumed that it was obvious. And what I'm saying, the reason it, the application of the MVRA would take away substantial exemptions, which in my eyes, an exemption is the property rights and the income that the defendant is allowed to keep under the MVRA. They're here, I mean, under the Victim of Arrogance Protection Act. So here comes the MVRA and takes all these rights away. Now, the appellant has to be able to keep them. But if they're procedural rights under Kroger, it's not an ex post facto violation. Are you familiar with Kroger? Well, Your Honor, I believe that I have a – if the procedure affects matters of substance, and we call it – if the exemption is a procedure, if the MVRA or the Victim of Arrogance Protection Act is a procedural matter, if it affects matters of substance, then it is not procedural anymore. It's a substantive question. And I believe that – are you familiar with Kroger? Not precisely, Your Honor, but I'm familiar with U.S. versus – it's an Nth Circuit case. U.S. v. Woods, which says, these changes are substantive and impact ex post facto in due process because they, quote, affect modes of procedure which affect matters of substance, close quote. U.S. v. Woods, 399 F. 3rd, 1144, Your Honor. It would help me if you could explain – if you could tell us precisely what changes were made by the more recent statute that had an adverse impact on your financial position. In other words, it would be very clear, it seemed to me, if what you had was a statute originally said you have an exemption of $50,000, and then the statute amended it and said now your exemption is only $10,000. In that case, it's clear that the second statute has cut it down, or conversely, the other way. And it would help me if you could tell me precisely what you think these statutes have done that has an adverse impact on your financial punishment. Excellent. Your Honor, I already filed such a table in the appellant's emergency ex parte motion to release funds. So what I have done, I have reprinted this table, which points at at least six items. If you want me to read them, I'll read them, for example. No, I don't want you to. I just want you to tell me in simple language. Okay. It takes away – What has been done to you, in your view, that makes this an ex post facto law? Right. The application of the MVRA to this case, Your Honor, will affect the Social Security income. It will take at least 25 percent of it, whereas under the other, the old act, it does not. It's exempt, totally. The minimum exemptions under 18 U.S.C. Have they tried to take away your Social Security income under the MVRA? Under the MVRA, the Social Security – Has anybody tried to – Well, they will. It's pending because of this case. Right now, I'm paying $25 a month restitution. But when this case is decided, then we will review it again with the probation officer. I didn't understand a thing you said. Well – Are they now garnering your Social Security income? Are you getting Social Security? I am, Your Honor, but it hasn't – Is any of it being taken for restitution? At this moment, it's not. But it is subject to be taken for restitution under the – So the answer is no. Well, the answer is – That's not a matter we are reviewing. The effect of the MVRA on your Social Security funds is not something that is before us. The combination, Your Honor, of any disability income that I receive – Did you hear my question? Yes. Yes. And I'm asking now that if we – when this is – when this case is decided, assume that I get any portion of the disability income. The combination of the income and the Social Security will affect – will reach the level that they will take at least 25 percent of it. So – If they try to do it, has anybody applied – sought to apply the MVRA to take away a part of your Social Security income? Well – Has there been anything filed that garners your – There has been no garnishment in Social Security, but I have a motion to modify the restitution order, Your Honor, and all this will come up. But – Okay. So that's not an application of the MVRA that's before us. Well – What else – it doesn't sound to me like that's before us. So what is it – Well – It might come up in the future, in which case we may have a ruling from below. But what else in the MVRA affects you? What is before you, Your Honor, is whether the choice – applying the MVRA to this number of VAJs will be X plus factor. You were answering a question just from – From Judge Friedman. And that is, what are the differences between the two statutes? And I understood that question to be as applies to you in this case. Yes. Not all differences in this – Well – So you mentioned Social Security, but Social Security sounds to me like it's not applicable to you in this case. What else is there in the – that applies to you in this case? When we walk out of here – Let me phrase it a little differently. As a result of this statute, does the government's lien now cover some of your assets that it didn't cover before, and if so, what assets? Yes, Your Honor. It will. It will. What assets? Well, for example, the judgment obtained under the MVRA is forfeited under 18 U.S.C. 3664N, as in N. Then the State exemptions which are allowed under the Federal Debt Collection Procedures Act, 28 U.S.C. 3014, are disallowed by the MVRA by 18 U.S.C. 3613A2. Okay. That's – Well, let me finish the table for me, Your Honor. Sorry? The Consumer Protection Act applies in total under the Victim of Illness Protection Act. It applies only in Section 1673 under the MVRA. The – Has any of this been applied to you in your case? Your Honor, I just came out of jail. We're still working these things out. I don't have enough income right now, but there's a restitution order for $5,400 for $5,000 a month that was issued by Judge Barrett in 2002. And that was under MVRA? Well, the judgment order has the letter A attached to the number, what is it, 3663, which indicates that Her Honor has sentenced me under the MVRA. The appeals case said that I was sentenced under the Victim of Illness Protection Act. We go back for a sentencing, and the judge again applies – probably clerical error, and I'm making a motion to correct that error – applies the same number with the M attached to it, with the A attached to it, which would be MVRA. So it's not – I don't think the judge would agree. Let me come back once again to change it a little bit and say, you recovered a judgment, as I understand it, in the district court, which this court affirmed of better than $400,000, is that correct, from the insurance company? It's an accumulation of mental disability income, Your Honor, which is 99. Yes, but the total recovery was $440,000 or $460,000. And what the district court said was 60 percent of that is subject to the government's lien, and 40 percent of it the insurance company should hold because you may owe that to your counsel as a contingent fee. And, again, I'd like to find out from you, would the result have been any different? In other words, would the 60 percent that the – was to be under the new statute than it would have been under the old statute? Under the new statute, it would be more, they would take more of the total monthly income or the summation of the monthly delay payments, or they would take all of it, depending on how Your Honor's rule. But under the Victim and Witness Protection Act, it would only – the restitution would be enforced only as a civil judgment. Now, under the MVRA, depending on what Your Honor's rule, they could take either all of it or a greater portion than what falls under the Victim and Witness Protection Act because a lot of the exemptions that were granted under the old act are taken away by the MVRA. And I have a table. If I can pass it before it leaves, I would like to. Well, let me see if I understand what you're saying, that under the old statute, a certain portion of the $440,000 or $460,000 would have been exempt from the lien, but under the MVRA, it is now subject to the lien. Is that what you're saying? Well, I'm saying that under the MVRA, it would take almost all of the money, whereas under the Victim and Witness Protection Act, it would probably exempt all the money. Now, the other point that I wish to address What difference does that make in your case? In my case, it's that they would take all the money and the appellant would get nothing. Only if they file a lien under federal statute, under the Federal Debt Collection whatever Act, they have to actually initiate a proceeding that invokes federal law. Your Honor, the case before you Yes The magistrate granted the total sum essentially to the government. The attorney has been settled by that way, Your Honor. No, no. I understand. So I understand that, and you are disputing that. But what I don't understand is why the change in federal law makes a difference to you, since they didn't rely on federal law in doing the garnishment. They only relied on State law. Well, if they garnished it under State law, is it going to be an Is it going to be Is the lien going to be determined under State law or under Federal law? Well, if I mean, we can't go back and forth. If they garnish under State law, then I suppose the lien is determined under State law. I mean, as best I can tell, this is a State law lien. Well, Your Honor, they claim they garnished it under State law. Can anybody apply Federal law to the lien in your case? Well, it's not clear what Magistrate Johnson did, because he said that none of this Federal stuff, none of the Consumer Credit Protection Act did not apply, that I had no exemptions, and essentially forfeited the entire sum to the government. Not the accumulated sums, but also for the rest of the appellant's life, forever. That was his ruling. This is the order dated September 15th, 2005? I believe so, Your Honor. He doesn't say, as best I can tell, what authority is being used for this. There was nothing. No citation. There was very little argument. I only spoke for about 30 seconds, Your Honor. We didn't get the transcript because there were no funds. But what I one more point that I'd like to make, Your Honor, before my time expires. You said you settled with a lawyer? Excuse me, Your Honor? You settled with a lawyer? Yes. The lawyer took 40 percent of the judgment already. He's out. So what's remaining now is 60 percent of the judgment. I ask you a different question. Did you settle with a lawyer or do you have a claim against a lawyer? We settled with a lawyer. He took his 40 percent. Okay. Now. Are you out of time? Why don't we hear from the government? Can I have one more minute, Your Honor, to mention something that was not mentioned and I wasn't allowed to discuss? Why don't you save that for a bottle if we'll figure it out? Okay. Thank you, Your Honor. May it please the Court, good morning. My name is Brent Whittlesey. I'm here on behalf of the victims of Mr. DeGeorge's fraud scheme this morning. Do you work for the United States? I do. I'm an assistant United States attorney, Your Honor. Okay. I should like to answer the ---- The victim was the insurance company? The victims are the insurance carriers who wrote the insurance policy on the vessel that the defendant scuttled. Yes, Your Honor. Now, I should like to answer at the outset Judge Friedman's question, which ---- and the answer is as follows. In 1984, Your Honor, the Congress adopted the Bail Reform Act. One of the provisions of the Bail Reform Act was a section of the criminal code, the Federal Criminal Code, which was Section 3613. Section 3613 specifies the property that is exempt from execution to satisfy a Federal criminal judgment, either for a fine or for restitution. That statute, which was ---- Exempt from coverage by the judgment? Exempt from execution to satisfy the judgment. Execution of the judgment. Yes. So there is a Federal statute that specifies what property cannot be executed upon by the government to satisfy a restitution judgment. That statute in 1984 incorporated the provisions of the Internal Revenue Code, Title 26, Section 6334. That's the exemption provisions of the Internal Revenue Code. There has been no substantive change in that statute, Title 18, Section 3613, since it was adopted as part of the Bail Reform Act. If this case had come up in 1990, after the adoption of the Bail Reform Act, the defendant's disability insurance income would not have been exempt from execution. Would not have been exempt from execution. After the adoption of the MVRA, the defendant's disability insurance income is not exempt from execution. There is no change in the law that's adverse to the defendant. Is there any change, though, in the amount that is subject to execution? No. No, Your Honor, because Section 3613 said in 1984, and it says today, that except as set forth in the statute, all property of a defendant is subject to execution to satisfy a Federal restitution judgment. So all disability income from private disability insurance policy was at the time subject to execution and is now. But you also have to execute under a statute that gives you authority. It looks to me like you only execute it under State law, and the State law contains an exemption. Your notice of motion of the lane only cites CCP Section 7808.410. Yes, Your Honor. Now, under Federal law, as set forth in Section 3613, it provides that we can use all available means in our work in executing on Federal restitution judgments. No doubt about it. You can, but if you choose to go under State law, you're bound by the State law. I don't think that that's true, Your Honor. I think that the provisions of State law are procedural only, and they don't govern the substantive rights of Federal criminal judgment debtors. I don't think Congress intended that the provisions of the California Code of Civil Let's just make sure we're on the same page here. We're on the same track. Your notice of lane is entirely under State law. Yes. 708.410. Correct. You did not go ahead and file a lane under the Federal law, which you could have. No. There's no such provision, Your Honor. The Federal Debt Collection Procedures Act allows us to execute on real and personal property through a writ of execution. It allows us to garnish property of the judgment debtors. Is that under State law or under Federal law? The remedies that I'm addressing are under Federal law, Your Honor. Under the Federal Debt Collection Procedures Act, there is no procedure that's analogous to the Code of Civil Procedure provision for filing. But there is a procedure for collecting a judgment under Federal law. There are. It just doesn't give you these particular remedies. Exactly. Okay. So you chose to go under State law. Yes, Your Honor. Okay. State law, by its terms, exempts certain kinds of property from collection under State law. And among them is income for disability income, right? Yes. If State law exemptions were to be applied by the court, the disability insurance income would be exempt. Well, I don't see how you can avoid it since you're relying only on State law to collect. Because you chose to go under the Federal statute and use the Federal remedies, then you would be entitled to whatever to – but that one says that you are – makes it very clear that if you have enforcement under Federal – this is MVRA – says that it applies only to enforcement under Federal law, and if you do that, you don't have to – you can disregard State exemptions. But I – how can you – how can you disregard State exemptions when your State law collection procedures? Because, Your Honor, Federal law is paramount and supreme, and Federal law in the criminal code provides – Well, I'm not sure what you say. Federal law is paramount. Are you telling us – you seem to be saying that you proceed under State law, but in proceeding under State law, you apply Federal standards? Yes. We apply Federal exemptions. And does the State – do the State courts do that? I don't know what the State courts do, Your Honor. Because it's – I don't understand this. I don't understand. It seems to me what you're – what you seem to be doing is saying we're going to take advantage of various what we think are advantages in State procedure, and we're going to try to collect this judgment under State procedure. But in doing that, if Federal law is more helpful to us, we're going to apply Federal law on a particular issue. Yes. On the issue of exemptions, Federal law should apply. Well, but you're just right on that, because what State law says is we will let you collect certain things, certain kinds of judgment. And one of the things we will not let you collect is the things that are exempt. So State law only takes you so far. You can't use State law and then tack on Federal law to use State procedures to collect more than a State law exemption. It's just sort of insane. It seems to me that this has nothing to do – as I understand it, this has nothing to do with the constitutional issue. The question is whether, if you're proceeding under State law, can you somehow overlook limitations in State law and say we're proceeding under State law, but we're only invoking the parts of it that are advantageous to us. If there's something that we don't like, oh, no, that will apply Federal law. Well, Congress, Your Honor, has determined that with respect to the enforcement of Federal criminal restitution and fine judgments, all property of the judgment debtor is subject to execution except this one. Well, I can understand if you say we're proceeding under – but you haven't proceeded under – doesn't – does it really matter what Congress has said on these things if you have chosen to invoke the State procedure? I don't understand that. Well, Your Honor, I believe that we actually have proceeded under Federal law. Rule 69 – Well, you answered that question to me already, and you said you're proceeding under State law. Rules – I have a notice of lien here. It says nothing at all about Federal law. Rule 69 of the Federal rules authorizes judgment creditors to make use of procedures that are available to judgment creditors in the State or the district court sits. But that's not using procedure in the sense of procedure versus substance. That is saying instead of procedures, they could have said – used the word laws and it would have had the same effect. Is that your argument as to why this is procedural? Because the Federal statute says they can invoke the procedures of State law? Yes, Your Honor. Yes, Your Honor. I'm not aware of any Federal criminal restitution case in which a court has determined that a debtor is protected by State exemption laws. Well, are you aware of any case where somebody has gone to the State collection execution statute and – and ignored the limits? I mean, the State – the State statute only allows you to collect against certain things. You can't use 708.410 to – to file a lien on somebody's house. It only applies to certain kinds of judgments. You can't go beyond the scope of what the State statute authorizes. And one of the things that the State statute does not authorize is collection against disability payments. It's perfectly clear. You use the procedures. It just simply doesn't reach the thing you want it to reach. There might be some other procedure you can use, but not that one. Well, Your Honor, we – we draw a distinction, and I believe the Court should draw a distinction, between the procedural mechanism that's authorized by State law as incorporated by Rule 69. Well, but they're talking about procedural things. They're talking about such things as the method by which you can't make some calculations. Let me pose a different case. Suppose the California statute said that you could levy – you can collect only the half of the amount of the judgment under its procedures. Could you still invoke those procedures and then say, but we're not bound by that? We want to collect all of the judgment? The – the – yes, Your Honor. The amount of the property that's exempt is determined by paramount Federal criminal law, not by State law. There are not 50 rules in the United States with respect to what property is subject to a Federal criminal restitution judgment. I would have no problem with that argument if what you had done was proceeded under Federal law. But it sounds to me, from everything Judge Kaczynski has read and said, that you attempted to invoke the State procedure for collecting, but then you say we're invoking the State procedure, but we're not accepting the limitations the State procedure provides. Suppose, for example, the State procedure required you to give notice to certain people. Could you just ignore that? No, Your Honor. We would be required to do that. Why? Why couldn't you just say we'll ignore it because the Federal statute doesn't require such notice? If – if there were a Federal statute that said in connection with such and such kind of proceedings, no notice was required, that would be a different circumstance. That would be the end of it, but I'm – I'm giving the hypothetical of the Federal statute doesn't say anything about it, and the State statute says you have to give notice to certain people, and you say, well, we'll apply, we're proceeding under the State practice, but we don't think we have to give notice to those people, so we're not going to do it. No. I would think we'd have to give notice if the State law required it, Your Honor. Well, then I don't – Well, I have some – I have a question when – when Judge Friedman, when you've answered his question fully. I think I have, Your Honor, unless Judge Friedman has another question. Well, you – you tell me what – if I have any further questions, I'll ask you. Thank you, sir. Yes, Judge Gould. Well, here's my concern, and maybe I'm off the trail here, but there is – FRCP 69A seems to authorize the Federal government to use a State procedure to enforce the judgment, so I'm right about that so far, right? Absolutely. Okay, and then second, Rule 69A says any statute of the U.S. governs to the extent it is applicable. So if that – I was thinking that that language would permit the Federal government to rely on exemptions in the Federal statute, but I'm not entirely sure in light of the questions of my colleagues. Second, there's a Fifth Circuit case, the Davis case, that applied Federal bankruptcy exemptions and not State exemptions on an execution case. So all that – you know, maybe there's a path there to do what – what I think the We'll come back to the ex post facto issue. That is, if the VWPA was applicable when he was convicted, and the MVRA has broader exemptions, then I'm not – I need to understand why that wouldn't be a substantive to apply the MVRA ancillary – to apply its exemptions ancillary to the State procedure if that can be done. Why that wouldn't be an ex post facto violation? The answer, Judge Gould, is that the MVRA did not affect the ability of the United States to reach the money that's involved in this case, which is disability insurance income. Well, of course it – of course it did, because under the prior statute, Federal law incorporated State exemptions. No, not since 1984, Your Honor. In 1984, Congress adopted the Bail Reform Act, which enacted Section 3613, and it made Federal criminal judgment enforcement subject to the same exemptions that are set forth in Title 26, the Internal Revenue Code. The law has been consistent since 1984. Is the whole dispute here over the ex post facto law related to exemptions? Yes. It's related to the question of whether the particular property that we're talking about, which is the disability insurance policy litigation recovery, is subject to execution to satisfy a Federal criminal restitution judgment. And that – the answer to that is it's been the same law since 1984. There's no change in the law. And that law you're saying was the Bail Reform Act? Is that – Yes, Your Honor. So you're saying that is the law that governed exemptions, not the VWPA? Your Honor, the Bail Reform Act enacted Section 3613. There have been amendments to Section 3613. There was an amendment in 1994 when the Anti-Terrorism Act was adopted. The amendment changed slightly the exemptions that are available to Federal criminal judgment debtors, but it did not affect any provision with respect to disability income. So there's been no change in the law as a result of that. Okay. Okay. Okay. Thank you. Thank you, Your Honor. Would you like to take a minute for rebuttal? Yes, Your Honor. Your Honor, a statement that counsel made is inaccurate. The – under the Victim and Witness Protection Act, the exemptions of 26 U.S.C. 6334A9, which in appellant's case amounts to something like $23,000 per year, are allowed. Under the MVRA, that section of 26 U.S.C. 6339A9 has been excluded. So even if they go under the Federal law, the – the appellant does not get that exemption, number one. Number two, if they apply the 22 – the Federal Debt Collection Procedure Act, 28 U.S.C. 36 – no, 3014 allows all the exemptions that are authorized under the Bankruptcy Act, which includes disability and all the state exemptions. The MVRA does not have – specifically disallowed that. My tabulation will show that. One more point, Your Honor, which was raised in the order. In contrast to the civil judgment or a prison sentence, Your Honor, a criminal restitution order can be modified at any time. That's U.S. v. Mindell. And during supervised release, monthly restitution payments are fixed by the defendants and his dependents' needs, regardless to the judgment. Therefore, that argument that the restitution order fixes the amounts, it doesn't really matter if we give you exemptions or not, does not apply. That the test should be how much is the defendant left with after they take their restitution. In other words, what do the exemptions allow the defendant to keep in his hands versus – and the judgment is really relevant. Because if it takes everything, then, of course, the MVRA is more punitive than the Victim and Witness Protection Act. Then how do you answer the government's argument that the MVRA didn't change the VWPA exemptions? He says it's all been the same, same exemption scheme since 1984. It is not true, Your Honor. Because if you look at the, what is it, 3613, 183613, you will see that it removes all the federal exemptions of 266334A9. It's excluded from the exemptions under federal law, under the MVRA. It's tricky because it mentions the numbers, but it skips the A9. Nine, subsection nine is omitted. Therefore, plaintiff is going to lose the $23,000 per year deduction. And then he loses the state exemptions, which were allowed under the Federal Debt Collection Procedure Act of the – under the Victim and Witness Protection Act. And my tabulation will give you all the changes, Your Honor. Thank you. We can read the statute. Okay. I have a question of the government I meant to ask. So I'm sure that was to be good. And that has nothing to do with these collection issues. I'm a little bit confused about why we have a live controversy here. And since it's a question of mootness and stuff like that, we probably better address it. It's my understanding that the money, which is the subject of the judgment, is now within the jurisdiction of another district court, right? Yes, Your Honor. And we are not hearing an appeal from that case. How will what we do in this case have any effect on the real world? I mean, let's say we agree with Mr. DeGeorge and disagree with you and say, you know, the government is not entitled to a lien. Let's say we came out that way. What would be the real world consequence of that decision? The real world consequence, Your Honor, would be that the district court that has jurisdiction of the interpleader action would know how to disperse the money. So we're issuing a decision? I'm sorry. Explain that to me. So if we say the money belongs to DeGeorge, let's say, this would be an adjudication of that issue, which would then give DeGeorge a right to go into the interpleader case and get the money out. Yes, Your Honor. Is that what's going on? Yes, Your Honor. I just want to say that what we would do, though, I take it, would be to dissolve the lien. Is that right? I think what you would say the lien was improperly issued because it can't cover this property. And if the lien disappears, that also disappears, dissolves, necessarily, the interpleader dispute. There's no longer a dispute. Who gets it? It's clear it goes to DeGeorge and not to the government. Yes, Your Honor. I think the technical term would be that this Court would determine that the property is exempt from execution under the statute that the government has proceeded under in accordance with Judge Kaczynski's comments. But in any event, it would destroy, it would eliminate the controversy which has led the insurance company to interplead the two parties. There's nothing left to interplead, is there? The insurance company filed the interpleader, at least what they've told me, is because they believe that there were several parties that were claiming entitlement to the money, including offshore corporations, other people. But it's more than just Mr. DeGeorge and the government. It started out as more than Mr. DeGeorge and the government. It started out as Mr. DeGeorge, the government, his former lawyers who have now been paid, and other third parties. I believe that the procedural status of that interpleader action at the present time is that all those other claimants, except that the United States and Mr. DeGeorge, have been dismissed. So that it's not inconceivable that even if we were to sustain Mr. DeGeorge's claim, we wouldn't get the money because in the interpleader action, it might be determined that someone other than either Mr. DeGeorge or the government is entitled to the money. We don't know. We don't know. That's true, Your Honor. But in any event, a decision, even though we don't have the money in this case, our decision in this case will have an effect on the other case. Yes, it will, Your Honor. And that's enough to have this be a live controversy here. I believe it is, Your Honor. Thank you. Okay. I just wanted to make sure. Your Honor. You want to speak to this issue? One second, yes. Mr. Woodley claims that the decision that is before you amounts to risk judicata with respect to the interpleader action. That's why Judge Fischer abated the action waiting your decision. If you reverse the adjudication of Magistrate Johnson, then Judge Fischer will feel free to dispose the matter herself. So out of respect, she respected the magistrate's previous judgment. Okay. I will have the papers to reflect, Your Honor. You can do that after we leave. Okay. Case just argued. We'll stand submitted. We are adjourned.
judges: Friedman,, Kozinski, Gould